IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH WILSON, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, et al.,

    Defendants.

No. C 11-03394 CRB

**ORDER DENYING APPLICATION FOR PRELIMINARY INJUNCTION AND DISMISSING CASE**

Presently before the Court is Keith Wilson's and Susan Wilson's Application for Preliminary Injunction (dkt 5) to preliminarily enjoin a pending foreclosure. Because Plaintiffs are unlikely to succeed on the merits and the balance of equities do not tip in their favor, the Application for Preliminary Injunction is DENIED.

**I.  BACKGROUND**

Keith and Susan Wilson ("Plaintiffs") refinanced their home in June 2004 with $1,500,000 borrowed from Wells Fargo Bank, N.A. ("WFNA"). Request for Judicial Notice ("RJN") (dkt 17), Ex. A at 1-2. WFNA instructed Plaintiffs to make their loan payments to Wells Fargo Home Mortgage ("WFHM"), a division of WFNA. Id. at 1. WFNA later sold the loan to U.S. Bank, as trustee for a pool of private investors. Jones Decl. (dkt 16) ¶ 3. However, Plaintiffs remain obligated to make payments to WFHM. Id.

When the interest only period on Plaintiffs' loan expired in 2009, Plaintiffs began having payment problems. Id. Ex. B. A Notice of Default was recorded on April 4, 2011,

stating that Plaintiffs were behind in their payments by $52,705.33. Opp'n to Prelim. Inj. (dkt 15) at 3. Plaintiffs and WFHM engaged in negotiations in an attempt to find an alternative to foreclosure. Compl. (dkt 1) ¶¶ 76-78. Plaintiffs denied the bank's offer for a trial forbearance period. Id. ¶ 78. Owing approximately $1,506,415.45, Plaintiffs failed to cure their default, and a Notice of Trustee's Sale was recorded on July 5, 2011. RJN (dkt 17) Ex. D.

Plaintiffs' allegations are based on the theory that they have uncovered a financial conspiracy wherein Defendants are foreclosing on a property even though they are not Plaintiffs' true creditors and have no right to foreclose. Compl. (dkt 1) ¶¶ 7-13. The Complaint alleges five causes of action: (1) declaratory relief, (2) negligence, (3) violation of 15 U.S.C. 1641(g), (4) violation of California Business and Professions Code § 17200, and (5) quiet title. Compl. (dkt 1) ¶¶ 134, 143, 154, 170, 182.

## II.  LEGAL STANDARD

A plaintiff seeking a Preliminary Injunction "'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting Winter v. Natural Res. Def. Council, 129 S.Ct. 365, 374 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 129 S.Ct. at 376.

## III.  DISCUSSION

### A.  There Is No Likelihood Of Success On The Merits

#### 1.  TILA, 15 U.S.C. 1641(g)

For Plaintiffs to successfully prosecute a § 1641(g) claim, they must prove that U.S. National Bank Association ("USNBA") did not comply with § 1641(g), which provides:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including (A) the

2

>    identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

Id. TILA defines a creditor as a person who (1) regularly extends consumer credit, and (2) is the person to whom the debt arising from the transaction is initially payable. 15 U.S.C. § 1602(f); Boles v. Mescorp, Inc., No. 08-1989, 2009 WL 734133, at *3 (C.D. Cal. Mar. 18, 2009). A creditor that fails to comply with any requirement imposed under § 1641(g)(1) faces liability for "any actual damage sustained by such a person as a result of the failure." 15 U.S.C. § 1640(a)(1); see Beall v. Quality Loan Serv. Corp., No. 10-CV-1900-IEG 2011 WL 1044148 at *6 (S.D. Cal. Mar. 21, 2011). Furthermore, "in the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." 15 U.S.C. § 1640 (a)(2)(A)(i),(iv).

The Ninth Circuit has repeatedly found that a trustee is not a creditor as defined by TILA. Hargis v. Washington Mut. Bank., No. 10-02341, 2011 WL 724390, at *2 (N.D. Cal. Feb. 22, 2011). Plaintiffs' "loan is currently owned by an investor pool, of which U.S. Bank is the trustee." Jones Decl. (dkt 15) ¶ 3. Thus, Plaintiffs are not likely to succeed on their TILA claim.

In any case, Plaintiffs cannot connect the pending foreclosure to any § 1641(g) violation. The Notice of Default was recorded on April 4, 2011, before the alleged § 1641(g) violation occurred. Opp'n to Prelim. Inj. (dkt 15) at 3. Nor have Plaintiffs plausibly alleged (or alleged at all) that they were actually paying their mortgage payments mistakenly to the wrong entity. Thus, the section 1641 violation, assuming one is established, cannot be plausibly linked to Plaintiffs' default. On the contrary, on June 11, 2011, Plaintiffs sent a letter to WFHM explaining that they were having difficulty making payments. Jones Decl.(dkt 16) Ex. B. Thus, it was Plaintiffs' inability to pay, not any section 1641(g) violation, that has led to the pending foreclosure. Therefore, even if Plaintiffs were likely to

3

1 succeed on the merits of their section 1641(g) claim, it would not justify enjoining the
2 foreclose.

### 2. State Law Claims

Plaintiffs' state law claims are unlikely to be successful on the merits.

The declaratory relief and quiet title claims assume incorrectly that a lender must prove ownership in a court of law prior to foreclosure. Gomes v. Countrywide Home Loans, 192 Cal. App. 4th 1149, 1154, n.5 (2011) ("[Plaintiff] is seeking to impose the additional requirement that [defendant] demonstrate in court that it is authorized to initiate a foreclosure. . . . [S]uch a requirement would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy."). Additionally, Plaintiffs have not shown an ability to repay their debt, outside of a conclusory allegation that they can tender. Thus, they have failed to show an essential prerequisite for equitable relief. Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (must allege tender).

The negligence claim is unlikely to be successful because lenders and servicers do not owe borrowers a duty of care. Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093 (1991) (the relationship is not fiduciary in nature).

Finally, the claim for violation of California Business and Professions Code § 17200 is unlikely to be successful because it relies on the other defective claims. Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1203 (9th Cir. 2001) (While § 17200 is broad, it "does not give a plaintiff license to plead around the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition.").

### B. The Balance of Equities Tips in Defendants' Favor

Plaintiffs are seeking an injunction to stop a foreclosure. Not only have they defaulted, they are no longer paying anything to anyone. Plaintiffs complain loudly of alleged improprieties on Defendants' part, but they ignore that it was their default that put them in their current predicament. Further, equity does not favor allowing Plaintiffs to avoid

4

foreclosure having ceased making payments of any kind to anyone. (If Plaintiffs were interested in doing equity and legitimately believed that these Defendants are not entitled to mortgage payments, they could, for example, have paid their mortgage payments in escrow. Instead, they simply stopped paying.).  The equities do not tip in Plaintiffs' favor.

### C.  The Preliminary Injunction Is Not In The Public Interest

Without a likelihood of success on the merits and with the equities balanced against them, issuing a preliminary injunction to stop the foreclosure goes against the public interest of affording relief to those deserving security on a defaulted loan.

## IV.  CONCLUSION

For the foregoing reasons, the Application for Preliminary Injunction is DENIED. The Temporary Restraining Order is DISSOLVED.  This case is DISMISSED.  If Plaintiffs wish to proceed they can re-file an amended complaint within twenty days.

**IT IS SO ORDERED.**

Dated: August 5, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE